UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| AGWEST FARM CREDIT, | Case No. 3:24-cv-565-AR |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| KIMBERLY C, *O.N. 596518, its Engines, Machinery, Apputenances, etc.*, *and* YAK 250, *O.N. 928702, its Machinery, Appurtenances, etc.*, | |
| Defendants, | |
| v. | |
| PETRO 49, INC., | |
| Claimant. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff AgWest Farm Credit brings this foreclosure action against two vessels, the Kimberly C and the Yak 250. Both vessels are owned by Yak Timber, Inc. Between June 2020

Page 1 – FINDINGS AND RECOMMENDATION

and January 2022, AgWest made five loans to Yak Timber. (Compl. ¶¶ 4.2-4.6.) Each of those loans was personally guaranteed by Yak Timber's parent company, Yak-Tat Kwaan Inc. (*Id.* ¶ 4.7.) Yak Timber granted AgWest a preferred ship mortgage to secure the loans. (*Id.* ¶ 5.2.) The mortgage gives AgWest a 100 percent interest in both vessels to secure the loans, which total $14,425,000. (*Id.* ¶ 5.3.) Yak Timber defaulted on the loans, and those defaults have not been cured. Nor have the loans been repaid. (*Id.* ¶ 6.4.)

Yak Timber then filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Alaska. The bankruptcy court granted relief from stay as to certain assets of Yak Timber, including the *in rem* defendant vessels. (*Id.* ¶ 8.1)

The court now considers AgWest's motion for default judgment. On June 24, 2024, the court ordered an entry of default against the *in rem* vessels, and against all persons with an interest in the vessels that had not filed a claim of interest. (ECF No. 32.) Yak Timber, the owner of the two vessels, is aware of this action and does not oppose foreclosure and sale of the vessels. Yak Timber also waives any entitlement to service or notice of any event in this litigation. (Yak Timber Waiver, ECF No. 43-3.) Petro 49, Inc. is the only party besides AgWest claiming an interest in the vessels.[1] It does not oppose AgWest's motion.

As explained below, the court concludes that the circumstances of this action counsel in favor of entering default judgment.

\\\\\

---

[1] Marvin Adams also filed a claim of interest against the vessels, but has since released his claim. (ECF Nos. 23, 33.)

Page 2 – FINDINGS AND RECOMMENDATION

## DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. Whether to enter default judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986))).

Before assessing the merits of a default judgment in an *in rem* action under 46 U.S.C. § 31342(a), a court must confirm that it has subject matter jurisdiction over the case and *in rem* jurisdiction over the defendant, as well as ensure the adequacy of service upon those who may have an interest in the defendant. *See I.Q. Credit Union v. Khaleesi*, Case No. 3:22-cv-01226-YY, 2023 WL 5917715, at *2 (D. Or. Aug. 14, 2023), *findings and recommendation adopted*, 2023 WL 5887272 (Sept. 11, 2023); *Cove Invs., LLC v. Vessel – Cordelie*, Case No. 18-cv-03884-DMR, 2019 WL 343423, at *2 (N.D. Cal. Jan. 28, 2019).

**A.**     *Jurisdiction*

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (recognizing that the court may sua sponte dismiss an action if it finds that subject matter jurisdiction is lacking).

Page 3 – FINDINGS AND RECOMMENDATION

This court has subject matter jurisdiction over this action under 46 U.S.C. § 31325, which permits a mortgagee to enforce a defaulted preferred mortgage lien in an action in district court. 46 U.S.C. § 31325(b)(1)-(2) (permitting *in rem* and *in personam* actions); *id.* at (c) ("District courts have original jurisdiction of a civil action brought under subsection (b)(1) or (2).").

The court also has jurisdiction over the vessels. AgWest brings this action *in rem*; that is, against the vessels. "Jurisdiction *in rem* is predicated on the fiction of convenience that an item of property is a person against whom suits can be filed and judgments entered." *United States v. Ten Thousand Dollars in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir. 1998). "[T]he holder of a maritime lien has the right to proceed *in rem* directly against the vessel that is the fictional cause of the loss." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 858 (9th Cir. 2005) (quotation marks omitted) (italics added). "When suit is brought in federal court to execute a maritime lien against a vessel, [Federal Rule of Civil Procedure] C permits a district court to issue an order directing the clerk to issue a warrant for the arrest of the vessel." *Id.* (quotation marks omitted). "Once the district court issues warrants for the arrest of the vessels pursuant to Rule C, and the warrants are successfully served, jurisdiction is complete." *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018); *see also United States v. Obaid*, 971 F.3d 1095, 1105 (9th Cir. 2020) (holding that personal jurisdiction over owner of property at issue is not required in *in rem* forfeiture actions). Here, the court issued arrest warrants against the vessels under Rule C, and those warrants were served. (ECF Nos. 9, 11, 18, 19.) The court therefore has *in rem* jurisdiction over the vessels.

\\\\\

Page 4 – FINDINGS AND RECOMMENDATION

B.    *Service of Process*

"Before entering a default judgment, the court must assess the adequacy of the service of process on the party against whom default judgment is requested." *Khaleesi*, 2023 WL 5917715, at *2 (quotation marks omitted). "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has . . . waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

Yak Timber, the owner of the defendant vessels, has waived service. And AgWest posted notice of this action on the defendant vessels and published notice in the Columbia County Spotlight on May 3 and May 10, 2024, in compliance with Local Rules 1025-1 and 1050-1. (ECF No. 24.) AgWest has demonstrated adequate service of process in this action.

C.    *Damages*

Upon entry of default, the factual allegations in the Complaint are taken as true, except for the allegations relating to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Entitlement to default judgment requires that AgWest prove that it is entitled to the damages sought. *See TWC Int'l v. Greene*, 889 F.2d 1096 (9th Cir. 1989) (affirming district court's determination of damages based on written affidavit and oral testimony).

AgWest has proven the amount of its damages. The loan documents (Compl. Exs. 1-6), mortgage documents (Compl. Exs. 7-8), and the declarations of David Poor and attached exhibits (ECF Nos. 42, 46, 46-1 to 46-7) support AgWest's claim for $15,203,877.16 as of July 1, 2024, consisting of $13,535,312.03 in principal, $923,280.70 in interest, and $745,284.43 in advances,

fees, and costs. AgWest has provided a detailed breakdown of the principal, interest, and costs it is due under each loan. Having reviewed that breakdown, the court concludes that AgWest's claimed costs are reasonable and well-supported, and AgWest has proven that it is owed the damages sought.

D.   **Eitel** *Analysis*

The requirements of jurisdiction, service of process, and proof of damages being satisfied, the court turns to the factors laid out in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) to determine whether default judgment is appropriate. Those factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

The *Eitel* factors in this case favor entering default judgment. This foreclosure action stems from a bankruptcy action, in which Yak Timber, AgWest, and Petro 49 are all involved. Yak Timber, the owner of the defendant vessels, is aware of AgWest's motion for default judgment and "supports the expeditious prosecution of this action and the ultimate sale of the *in rem* Defendant Vessels." (Yak Timber Waiver ¶ 2.) And Petro 49, the only other remaining claimant against the vessels, does not oppose AgWest's motion. In these circumstances, both the fifth *Eitel* factor (possibility of a dispute of material fact) and the sixth *Eitel* factor (possibility that default was due to excusable neglect) favor default judgment. The first *Eitel* factor also

supports entry of default judgment because delaying such judgment will only increase the expense of the foreclosure and sale process. (Pl.'s Mot. at 5.)

The second and third *Eitel* factors, which relate to the merits of AgWest's claims and the sufficiency of its Complaint, also favor default judgment. AgWest's Complaint is verified, alleges sufficient facts to show that it is plausibly entitled to relief, and is supported by exhibits. *See, e.g.*, *Khaleesi*, 2023 WL 5917715, at *3 (concluding that second and third factors favored entry of default judgment where "Plaintiff's well-pleaded complaint allege[d] facts establishing the merits of its claims").

The fourth *Eitel* factor is neutral. Under that factor, default judgment is discouraged where "the money at stake in the litigation is substantial or unreasonable." *Bd. of Trs. v. Core Concrete Const., Inc.*, Case No. 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012). To be sure, a large sum of money (more than $15 million) is at stake here. But the amount is supported by evidence that is not disputed. (Loan Documents, ECF Nos. 1-1 to 1-11, 42; Supp. Documents, ECF Nos. 46-1 to 46-7.) So this factor does not weigh against default judgment. *See, e.g.*, *Core Concrete*, 2012 WL 380304, at *4 (holding that the fourth factor did not weigh against default judgment in part because the amounts sought were "supported by the evidence").

The final *Eitel* factor "examines whether the policy of favoring a decision on the merits precludes entry of default judgment." *Cove Invs.*, 2019 WL 343423, at *5 (N.D. Cal. Jan. 28, 2019) (citing *Eitel*, 782 F.2d at 1472 ("Cases should be decided on their merits whenever reasonably possible.")). But "this preference [for a decision on the merits], standing alone, is not

Page 7 – FINDINGS AND RECOMMENDATION

dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Although this factor weighs against default judgment, it is not enough to overcome the other factors that clearly favor default judgment.

## CONCLUSION

AgWest's Motion for Default Judgment (ECF No. 41) should be granted, and AgWest's proposed order (ECF No. 41-1) should be entered.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 14 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: October 11, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge