IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AGWEST FARM CREDIT, PCA**, <br><br>　　　　Plaintiff and Counter-Defendant, <br><br>　　v. <br><br>**KIMBERLY C, O.N. 596518** and <br>**YAK 250, O.N. 928702**, *in rem*, <br><br>　　　　Defendants, <br><br>and <br><br>**PETRO 49, INC.**, <br><br>　　　　Counter-Claimant. | Case No. 3:24-cv-565-AR <br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on July 31, 2025. Judge Armistead recommended that this Court deny Petro 49, Inc.'s motion for partial summary judgment.

　　Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Counter-Claimant Petro 49, Inc. ("Petro") timely filed an objection, to which AgWest Farm Credit ("AgWest") responded. Petro objects to the portions of Judge Armistead's recommendation applying the one debtor rule "rigid[ly]," failing to consider the "equities of Petro," and finding that the Court cannot order the marshaling of assets against Yak-Tat Kwaan ("Yak-Tat") without Yak-Tat being a party to the action.

Petro argues that because Yak-Tat has guaranteed payment of the debt at issue, the equities support a finding that the common debtor requirement is met. In support, Petro cites a case from the United Kingdom Court of Appeals and *In re Clary House, Inc.* 11 B.R. 462, 466-67 (Bankr. W.D. Mo. 1981). Other courts have recognized, however, that *Clary House* "is an anomaly which has not been followed by any other court." *In re Page*, 2006 WL 4458355, at *5

(Bankr. N.D. Ohio Oct. 20, 2006) (quoting *UPS Cap. Bus. Credit v. C.R. Cable Constr., Inc.*, 181 S.W. 3d 44, 48 (Ky. Ct. App. 2005)). Instead, many courts have held that when a party signs a guaranty agreement guaranteeing payment of another's debt, the marshaling doctrine does not apply as to the guarantor. *See, e.g.*, *In re Gluth Bros. Constr., Inc.*, 424 B.R. 379, 396-97 (Bankr. N.D. Ill. 2009); *In re Baldridge*, 2007 WL 725737, at *2-3 (Bankr. D. Ariz. Mar. 6, 2007); *In re Harrold's Hatchery & Poultry Farms, Inc.*, 17 B.R. 712, 714-17 (Bankr. M.D. Ga. 1982); *In re A. E. I. Corp.*, 11 B.R. 97, 99-100 (Bankr. E.D. Pa. 1981); *In re United Med. Rsch., Inc.*, 12 B.R. 941, 943-44 (Bankr. C.D. Cal. 1981).

  As the Findings and Recommendation explained, there are certain recognized exceptions to the common debtor rule, such as piercing the corporate veil. Petro does not argue that any of these exceptions apply, but contends that the Findings and Recommendation should not have been "rigid" in looking only to these recognized exceptions. Instead, argues Petro, the Court should focus on balancing the equities. The Findings and Recommendation, however, correctly stated that "[e]xceptions to the 'common debtor' rule have been developed when mandated by equity," *In re Coors of North Mississippi, Inc.*, 66 B.R. 845, 867 (Bankr. N.D. Miss. 1986), and that Petro has not shown that equity mandates an exception. Thus, the Court agrees with the Findings and Recommendation that marshaling cannot be ordered in this case.

  Regarding Petro's argument that Yak-Tat does not need to be a party before the Court can order marshaling against its assets, the Findings and Recommendation cited unambiguous caselaw to support its conclusion. *See In re Vt. Toy Works, Inc.*, 135 B.R. 762, 768 (Bankr. D. Vt. 1991) ("In a marshaling action, entities holding the funds to which only the senior creditor can look must be joined as parties."); *In re Coors*, 66 B.R. at 869 (explaining that it "would amount to an absolute denial of due process of law" to order marshaling against a person's assets

without having that person as a party to the litigation). The Findings and Recommendation noted that Petro did not identify any legal authority in which a court ordered marshaling against the property of an absent party, and Petro did not cite any such authority in its objections. Instead, Petro argues that the Court should defer this question because in its motion for partial summary judgment, Petro requested that the Court defer questions of prejudice *to AgWest* for later determination. Petro made this request because of the factual questions involved in this determination, and did not argue that questions of prejudice to other parties should be deferred. Whether Yak-Tat must be joined is not a factual question as to prejudice, but instead is a question regarding due process that the Findings and Recommendation correctly answered at this stage of the proceedings.

The Court ADOPTS Judge Armistead's Findings and Recommendation. ECF 75. The Court DENIES Petro's Motion for Partial Summary Judgment. ECF 51.

**IT IS SO ORDERED.**

DATED this 2nd day of September, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER